# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1332V
Filed: June 27, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DRAKE DIXON, | * | |
| | * | Unpublished |
| Petitioner, | * | |
| | * | Reissued for Public Availability: |
| v. | * | July 22, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Influenza ("flu") Vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barré Syndrome ("GBS"). |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Drake Dixon, Pro Se,* Tacoma, WA, for petitioner.
*Voris Johnson, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On October 5, 2020, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the influenza ("flu") vaccine he received on September 25, 2017 caused him to develop Guillain-Barré Syndrome ("GBS"). The information in the record, however, does not show entitlement to an award under the Program.

During a status conference held on January 20, 2022, petitioner was advised that the recognized onset period of GBS following flu vaccine is 3-42 days based on medical science. Because the onset of his GBS symptoms occurred in February 2018, five months after his receipt of a flu vaccine in September 2017, the onset of his GBS is outside the recognized and accepted timeframe. Scheduling Order at 2, ECF No. 15. Petitioner then stated he had symptoms in October 2017 and believed he saw a doctor for his complaints in October or November 2017. *Id*. at 3.

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on June 27, 2022, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Accordingly, petitioner was ordered to file complete medical records of all visits to any physicians beginning September 1, 2017 through February 23, 2018, the date he presented to the Emergency Room and was subsequently hospitalized and diagnosed with GBS. Scheduling Order at 3, ECF No. 15. Petitioner was to file the records by March 21, 2022.

On March 28, 2022, after petitioner failed to comply with the March 21, 2022 deadline for filing his medical records, my law clerk sent petitioner an email advising him of the missed deadline. There was no response.

On April 1, 2022, an Order was issued sua sponte extending the deadline for filing of his records until May 16, 2022. ECF No. 16. Petitioner failed to comply with that deadline or contact the Court in any way.

An Order to Show Cause was issued on May 17, 2022, requiring petitioner to file his outstanding medical records, file a status report advising of his progress in obtaining his medical records, or otherwise show cause for why the case should not be dismissed for failure to prosecute by June 16, 2022. ECF No. 17.

As of today, June 27, 2022, petitioner has failed to file his outstanding medical records or communicate any response to the Order to Show Cause.

Special masters may dismiss a petition where the petitioner fails to follow Court orders. *See Hayman v. Sec'y of Health & Human Servs.*, No. 02-725, – Fed. Cl. – (May 9, 2005) (finding that it was not an abuse of discretion for the special master to dismiss a petition for failure to prosecute where the petitioner failed to respond to an Order to Show Cause); *see also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam,* 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

Further, to receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," and the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

In the instant matter, Mr. Dixon has failed to comply with Court orders or communicate with the Court in any way, and it is clear from the record in this case that he has failed to

demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for failure to prosecute and insufficient proof. The Clerk shall enter judgment accordingly.**

    **IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
